**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARRIE B. E.,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 10925** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Carrie B. E.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [16] is granted in part, and the Commissioner's cross-motion for summary judgment [19] is denied.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initials of her last names.

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 31, 2022, Plaintiff filed claims for DIB and SSI, alleging disability since April 11, 2022. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on March 4, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On July 15, 2024, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 11, 2022. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar 1 disorder; anxiety disorder; posttraumatic stress disorder (PTSD); polysubstance use disorder (alcohol and cocaine); and asthma. The ALJ concluded at step three

that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can tolerate no more than occasional exposure to extremes of heat; can understand, remember, and carry out no more than simple, routine tasks; and can tolerate no more than frequent interaction with the public. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a sandwich maker. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to sufficiently account for Plaintiff's mental limitations; (2) the ALJ did not properly evaluate the opinions of the treating licensed professional counselor; and (3) the ALJ did not properly evaluate Plaintiff's subjective symptoms.

In advancing her first argument, Plaintiff contends, *inter alia*, that "the ALJ omitted appropriate limitations to reflect the moderate degree of limitation in interacting with others the ALJ credited." ([16] at 8.) Pertinent to that assertion, the ALJ determined that Plaintiff had a moderate limitation in interacting with others given Plaintiff's testimony that "she has difficulty when exposed to crowds or new people." (R. 22.) In his RFC assessment, the ALJ limited Plaintiff to "no more than frequent interaction with the public." (*Id.* at 23.) Plaintiff maintains that the ALJ erred by "fail[ing] to indicate how a moderate limitation in this area would allow for frequent interaction with the public but no limitations whatsoever in dealing with coworkers or supervisors." ([16] at 8.) The Court agrees.

Courts have recognized that "[i]f the record support[s] restricting one broad category of social interaction, the ALJ ha[s] to explain why it did not support the others." *Arun N. v. Bisignano,* No. 1:23-CV-03710, 2026 WL 879544, at *4 (N.D. Ill. Mar. 30, 2026). As such, "simply accounting for limitations on interactions with the public and with coworkers is not enough to reflect a similar limitation on interactions with supervisors." *Luna v. Colvin*, No. 14-01231, 2015 WL 1911109, at

*2 (N.D. Ill. Apr. 27, 2015). Consistent with this authority, the ALJ erred in this case because he did not provide any explanation for why – considering Plaintiff's moderate limitation in interacting with others – she can interact with the public frequently but has no restriction in her ability to interact with coworkers or supervisors. *See Kischer L. C. v. Kijakazi*, No. 21 C 1350, 2023 WL 2711610, at *3 (N.D. Ill. Mar. 30, 2023).

In his response brief, Defendant asserts that "[t]he ALJ did explain" that "plaintiff had difficulty being around large groups of people, hence her interaction with the public – an unfixed number of people – was restricted while her interaction with coworkers and supervisors – a fixed number of people – was not." ([19] at 7.) In actuality, the ALJ's decision contains no such explanation. Defendant's *post hoc* assertion amounts to an unavailing attempt to bypass the *Chenery* doctrine. *See Jones v. Dudek*, 134 F.4th 991, 998 (7th Cir. 2025) ("The *Chenery* doctrine bars the Commissioner 'from relying at this stage on a rationale' that he did not use during the administrative process."); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *2 (7th Cir. Feb. 14, 2023) ("Courts are limited to reviewing only the reasons provided by the agency at the time of the decision."); *Lothridge v. Saul*, 984 F.3d 1227, 1234–35 (7th Cir. 2021) ("[T]his attempt to supply a post-hoc rationale for the ALJ's decisive findings runs contrary to the *Chenery* doctrine.").

Ultimately, the ALJ's error in failing to fully account for Plaintiff's limitations in interacting with others requires that this matter be remanded. *See Arun N.*, 2026 WL 879544 at *4 (finding remand necessary where "the ALJ found

the evidence sufficient to support a public-interaction limitation, yet gave no explanation for rejecting comparable limitations involving coworkers or supervisors"); *Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *6 (N.D. Ill. Oct. 27, 2023) ("In sum, the Court finds substantial evidence does not support the ALJ's decision based on her failure to adequately explain her mental RFC assessment regarding Monique's ability to interact with supervisors."); *Eric B. v. Berryhill*, No. 17-CV-5466, 2019 WL 1331783, at *5 (N.D. Ill. Mar. 25, 2019) ("[T]his case is remanded so that the ALJ can further determine whether an RFC limitation regarding supervisor interactions is necessary.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. On remand, the Court requests that special care be taken to ensure that Plaintiff's limitations in concentration, persistence, or pace are properly accounted for, the medical opinion evidence is properly assessed, and Plaintiff's subjective symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [16] is granted in part, and the Commissioner's cross-motion for summary judgment [19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: August 28, 2026**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**